IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARLYN P. ILDEFONSO, | ) | 4:13CV3110 |
| | ) | MEMORANDUM |
| Petitioner, | ) | AND ORDER ON MOTION FOR |
| | ) | LEAVE TO USE PREVIOUSLY |
| v. | ) | FILED ATTACHMENTS AND |
| | ) | EXHIBITS AS PART OF |
| BRIAN GAGE, Warden, | ) | PETITIONER'S AMENDED |
| | ) | PETITION FOR WRIT OF HABEAS |
| Respondent. | ) | UNDER 18 U.S.C. § 2254 |

This matter is before me on Petitioner Arlyn Ildefonso's ("Ildefonso") "Motion for Leave to Use Previously Filed Attachments and Exhibits as Part of Petitioner[']s Amended Petition for Writ of Habeas Under 18 U.S.C. § 2254." (Filing No. 7.) On September 9, 2013, I ordered Ildefonso "to file an amended petition for writ of habeas corpus that clearly sets forth his claims *together with the facts in support of those claims*." (Filing No. 6 at CM/ECF p. 1 (emphasis in original).) I said:

> I cannot clearly identify Ildefonso's claims for relief because they are strewn throughout his 101 pages of attachments in no particular order. For each of his 81 claims for relief, Ildefonso lists only the "supporting facts" within the petition, and then directs me to various pages within the attachments for identification of the actual claims. . . . Apparently, Ildefonso expects me to sort through 101 pages of attachments in order to match up 81 claims with their corresponding facts. I will not undertake such a task. Moreover, in order to ensure a just resolution of this matter, Ildefonso should clearly identify his claims and their corresponding facts.

(*Id.*)

In Ildefonso's recently-filed motion, Ildefonso seeks leave to incorporate these 101 pages of attachments into his amended petition for writ of habeas corpus. (Filing

No. 7 at CM/ECF pp. 1-2.) In support of his request, Ildefonso argues that the cost of reprinting the attachments would put a "severe strain on [his] resources." (*Id.* at CM/ECF p. 2.)

Upon careful consideration, I find that Ildefonso may refer to the attachments filed with his original petition for writ of habeas corpus (Filing No. 1, Attachments 1 and 2). However, as set forth in my previous Memorandum and Order, Ildefonso's amended petition for writ of habeas corpus must clearly set forth his claims *together with the facts in support of those claims*. Ildefonso may not direct me to various pages within these attachments for describing his actual claims. In other words, I will not sort through 101 pages of attachments trying to match up 81 claims with their corresponding facts. Specific words should describe each claim.

IT IS THEREFORE ORDERED that: Ildefonso's "Motion for Leave to Use Previously Filed Attachments and Exhibits as Part of Petitioner[']s Amended Petition for Writ of Habeas Under 28 U.S.C. § 2254" (Filing No. 7) is granted, but only to the extent it is consistent with this memorandum and order.

Dated October 16, 2013.

BY THE COURT

*[signature: Warren K. Urbom]*

Warren K. Urbom
United States Senior District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.