IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARLYN P. ILDEFONSO, | ) | 4:13CV3110 |
| | ) | |
| Petitioner, | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON MOTION FOR** |
| v. | ) | **ISSUANCE OF** |
| | ) | **EXTRAORDINARY WRIT** |
| BRIAN GAGE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before me on the Petitioner, Arlyn Ildefonso's, ("Petitioner") "Motion for Issuance of Extraordinary Writ" brought pursuant to 28 U.S.C. § 1651. (Filing No. 9.) This case is currently pending before me on a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. In the Petitioner's motion, he seeks an order from the court directing the respondent, Brian Gage, to:

[A.] . . . allow the Petitioner unrestricted access to the Law Libraries at the Tecumseh State Correctional Institution ("TSCI") for a minimum of three (3) hours per day, as needed and as requested by the Petitioner and for the date and times that are requested by the Petitioner, for the duration of the above captioned case before this Court, which would include any necessary appeals to the Eighth Circuit Court of Appeals, and the U.S. Supreme Court;

[B.] . . . [i]mmediately place the phone numbers for A.) Clerks of the U.S. District Court-Lincoln; B.) Clerk of the Eighth Circuit Court of Appeals; C.) Clerk of the U.S. Supreme Court; and D.) Nebraska Attorney Generals Office, onto the Petitioner[']s Confidential Calling List, . . . ;

[C.] . . . to ORDER that the Respondent is directed to make any copy that the Petitioner needs made, for the prosecution of this action, at the normal rate charged for copies.

(Filing No. 9 at CM/ECF pp. 9-10.)

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). The right of meaningful access to court requires prison officials to provide indigent inmates with either an adequate law library or adequate assistance from persons trained in the law. *Id.* at 828. "The tools [that must] be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). The Petitioner seeks to enforce this right, however, through an extraordinary writ brought pursuant to 28 U.S.C. § 1651. Under Section 1651, federal courts may issue writs "necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (emphasis added).

The Petitioner's motion sets out various instances throughout the state court proceedings underlying his habeas corpus action in which his access to the law library was limited to various dates and times, and also sets out that prison rules and regulations prevented him from photocopying some materials (i.e., he was forced to sit in the library and take notes over these materials rather than photocopying them). While a court may issue orders in aid of its own jurisdiction pursuant to 28 U.S.C. § 1651(a), the Petitioner has not demonstrated that his ability to litigate this action has been so impeded that he cannot effectively prosecute this case. Indeed, since the Petitioner filed this case on June 6, 2013, I have granted him two extensions of time in which to file an amended petition for writ of habeas corpus. (*See* Filing No. 6, and Text Order dated October 17, 2013.) He has not demonstrated any prejudice that cannot be cured by granting him extensions of time, which I have done liberally, and will continue to do on a motion-by-motion basis.

The Petitioner's claims that the respondent is denying him access to the courts is not otherwise cognizable in this action. The federal habeas corpus statute is "explicitly and historically designed to provide the means for a state prisoner to attack the validity of his confinement[.]" See [Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)](#).

IT IS THEREFORE ORDERED that the Petitioner's "Motion for Issuance of Extraordinary Writ" (Filing No. [9](#)) is denied.

Dated October 22, 2013.

BY THE COURT

_/s/ Warren K. Urbom_____

Warren K. Urbom
United States Senior District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.