IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARLYN P. ILDEFONSO, | ) | 4:13CV3110 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON MOTION FOR** |
| BRIAN GAGE, Warden, | ) | **APPOINTMENT OF COUNSEL** |
| | ) | |
| Respondent. | ) | |

    This matter is before me on the petitioner's Motion for Appointment of Counsel. (Filing No. 16.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted); *see also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). Upon review of the pleadings and the petitioner's, Arlyn P. Ildefonso's (Ildefonso), motion, there is no need for the appointment of counsel at this time. I will reconsider Ildefonso's request for the assistance of counsel after the state court records have been reviewed in this matter.

IT IS THEREFORE ORDERED that: Ildefonso's Motion for Appointment of Counsel (Filing No. 16) is denied without prejudice to reassertion.

Dated December 17, 2013.

BY THE COURT

*Warren K. Urbom*

Warren K. Urbom
United States Senior District Judge