IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARLYN P. ILDEFONSO, | ) | 4:13CV3110 |
| | ) | |
| Petitioner, | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON INITIAL** |
| v. | ) | **REVIEW OF THE AMENDED** |
| | ) | **PETITION FOR WRIT OF** |
| BRIAN GAGE, Warden, | ) | **HABEAS CORPUS** |
| | ) | |
| Respondent. | ) | |

An initial review of the Amended Petition for Writ of Habeas Corpus (Filing No. 13) was conducted to determine whether the claims made by the petitioner, Arlyn P. Ildefonso, ("Ildefonso") are, when liberally construed, potentially cognizable in federal court. Ildefonso has raised 81 claims. Upon careful review of the amended petition, I preliminarily decide that Ildefonso's 81 claims are potentially cognizable in federal court.[1] However, I caution Ildefonso that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Ildefonso from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Amended Petition for Writ of Habeas Corpus (Filing No. 13), I preliminarily determine that Ildefonso's 81 claims are potentially cognizable in federal court.

---

[1] The court's normal practice is to summarize a petitioner's claims in its initial review of a petition for writ of habeas corpus. However, after careful review of the amended petition in this case, I have determined that such a summary is unnecessary, as Ildefonso clearly sets forth the 81 grounds on which he claims he is being held in violation of the Constitution of the United States, and their supporting facts. (*See generally* Filing No. 13.)

2.	The clerk's office is directed to mail copies of this memorandum and order and the amended petition (Filing No. 13) to the respondent and the Nebraska Attorney General by regular first-class mail.

3.	By **February 21, 2014**, the respondent shall file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **February 21, 2014**: deadline for the respondent to file state court records in support of answer or motion for summary judgment.

4.	If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and Ildefonso:

>	A.	The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

>	B.	The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

>	C.	Copies of the motion for summary judgment, the designation, including state court records, and the respondent's brief shall be served upon Ildefonso *except* that the respondent is only required to provide Ildefonso with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by Ildefonso, Ildefonso may file a motion with the court requesting

    additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

  D. No later than 30 days following the filing of the motion for summary judgment, Ildefonso shall file and serve a brief in opposition to the motion for summary judgment. Ildefonso shall submit no other documents unless directed to do so by the court.

  E. No later than 30 days after the filing of Ildefonso's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

  F. If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **The respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Ildefonso.**

 5. If the respondent elects to file an answer, the following procedures shall be followed by the respondent and Ildefonso:

  A. By **February 21, 2014,** the respondent shall file <u>all</u> state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United*

*States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B.  No later than 30 days after the filing of the relevant state court records, the respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Ildefonso's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.  Copies of the answer, the designation, and the respondent's brief shall be served upon Ildefonso at the time they are filed with the court *except* that the respondent is only required to provide Ildefonso with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by Ildefonso, Ildefonso may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of the respondent's brief, Ildefonso shall file and serve a brief in response. Ildefonso

4

shall submit no other documents unless directed to do so by the court.

E.  No later than 30 days after the filing of Ildefonso's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.  The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **March 24, 2014**: check for the respondent to file answer and separate brief.

6.  No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated January 8, 2014.

BY THE COURT

*Warren K. Urbom*
_____

Warren K. Urbom
United States Senior District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

5