IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ARLYN P. ILDEFONSO,** | **CASE NO. 4:13CV3110** |
| Petitioner, | |
| v. | **MEMORANDUM** |
| | **AND ORDER** |
| **BRIAN GAGE, Warden,** | |
| Respondent. | |

This matter is before the Court on Petitioner Arlyn Ildefonso's objection and motion concerning Respondent's designation of state court records and supplemental designation of state court records. (*See* Filing No. 25 and Filing No. 26.) Ildefonso asks the Court to order Respondent to (1) file a copy of Ildefonso's original motion for post-conviction relief, and (2) verify that 119 various documents are included in the designation of state court records.

Ildefonso asks the Court to order Respondent to file a copy of his original motion for post-conviction relief. (*See* Filing No. 25.) However, Ildefonso's original motion for post-conviction relief is not likely to be relevant to his habeas corpus claims because Ildefonso proceeded in the state district court on an *amended* motion for post-conviction relief. (*See* Filing No. 20-15 at ECF 17, state district court's order on post-conviction relief ("This matter came on for hearing on . . . [Ildefonso's] pro se amended motion for postconviction relief. . . . *Defendant's pro-se motion supercedes the motion filed by court-appointed counsel*.") (emphasis added).) Accordingly, the Court will deny Ildefonso's request that the Court order Respondent to file a copy of the original post-conviction motion. However, the Court may order Respondent to produce the original motion for post-conviction relief if,

upon further review of this matter, the Court determines that it is relevant to Ildefonso's claims.

Ildefonso asks the Court to order Respondent to verify that 119 various documents are included in the designation of state court records. (*See* Filing No. 26 at ECF 3-8.) Ildefonso does not explain how any of these 119 documents are relevant to his claims. Rather, he merely lists them and asks that Respondent be ordered to verify that they are included in the records. (*See, e.g.*, Filing No. 26 at ECF 3 ("#27-Order Allowing Attorney Fees filed on 9-25-2000 (Ildefonso I)[;] #28-Defendants Praecipe for Supplemental Transcript filed on 9-26-2000 (Ildefonso I)[;] #29-Defendants Request for Supplemental Bill of Exceptions filed on 9-26-2000 (Ildefonso I)").)

Respondent has filed more than 2,000 pages of state-court records in this matter. It is apparent that most of the documents listed by Ildefonso in his motion are included in the designation of state court records. However, absent a showing by Ildefonso that any given document is relevant to his claims, the Court will not order Respondent to verify that the document is included in the 2,000 pages of state-court records. As set forth in the Court's order on initial review in this matter:

> In the event that the designation of state court records is deemed insufficient by Ildefonso, Ildefonso may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested *and the reasons the documents are relevant to the cognizable claims*.

(Filing No. 18 at ECF 4-5.)

IT IS ORDERED:

1. Ildefonso's "Objections to Respondent[']s 2nd Supplemental Designation of State Court Records in Support of Answer" (Filing No. 25) is overruled; and

2. Ildefonso's "Motion Requesting Respondent's Verification of the Filing of Specific Documents/Records" (Filing No. 26) is denied without prejudice to reassertion.

DATED this 5th day of September, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge