IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARLYN P. ILDEFONSO, | CASE NO. 4:13CV3110 |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| BRIAN GAGE, Warden, | |
| Respondent. | |

This matter is before the Court on Respondent's Motion for Leave to Amend Pleadings (Filing No. 37) and Petitioner Arlyn Ildefonso's Objection (Filing No. 41) to the motion. Respondent seeks leave to amend his previously filed answer and brief because he "mistakenly assert[ed] that all of Petitioner's claims of ineffective assistance of appellate counsel are without merit;" upon further review of the record, Respondent has concluded that "several of [the] claims are actually procedurally defaulted." (Filing No. 37 at ECF 1.)

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleadings with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). In addition, the rule states the "court should freely give leave when justice so requires." *Id.* "A district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013) (internal quotation marks omitted).

Ildefonso argues allowing Respondent's proposed amendment will prejudice him because Respondent "is attempting to get all of the Petitioner[']s Habeas Claims [] procedurally defaulted." (Filing No. 41 at ECF 1.) Ildefonso's argument lacks merit. If the

Court were to determine at some later time that any of Ildefonso's claims are procedurally defaulted, it would be because Ildefonso did not fairly present the claims in Nebraska's state courts and not merely because Respondent raised the issue. Indeed, even if the Court denied leave to amend, it would be free to address the procedural-default issues on its own motion.

Ildefonso also argues allowing Respondent's proposed amendment is meritless because his actual-innocence claim is sufficient to excuse any procedural default of his claims. (Filing No. 41 at ECF 13.) The Court cannot determine whether Ildefonso's claims are procedurally defaulted without carefully reviewing the voluminous state court records filed by Respondent in this case, a task the undersigned judge will not undertake until this matter is fully submitted for disposition. However, it is clear from the record before the court that Respondent's proposed amendment is not plainly meritless. Accordingly,

IT IS ORDERED:

1. Respondent's Motion to Amend (Filing No. 37) is granted. As set forth in NECivR 15.1(c), "[t]he granting of the motion for leave to amend does not constitute filing the amended pleading. If granted leave to amend, the party must then file the amended pleading."; and

2. Ildefonso's Objection (Filing No. 41) is overruled.

DATED this 5th day of September, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge